# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

REX I. HATFIELD and
EVERLY K. HATFIELD,

          Petitioners,

v.                               CIVIL ACTION NO. 5:18-cv-01265

D. L. YOUNG, *Warden*,

          Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioners' August 29, 2018 *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) and the *Brief in Support of Writ of Habeas Corpus Pursuant to Title 28, Section 2241* (Document 3) brought on the grounds, *inter alia*, that they were improperly sentenced based on application of a Sentencing Guideline cross-reference to murder. The Court has further reviewed the Petitioners' *Motion for Leave for Permissive Joinder of Parties* (Document 2), which the Magistrate Judge granted, permitting the pro-se petitioners to bring their claims jointly.

By *Standing Order* (Document 6) entered on August 30, 2018, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On June 7, 2019, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 20), wherein it is recommended that this Court deny the Petition, grant the Respondent's motion to dismiss, dismiss this action with prejudice and remove this matter from

the Court's docket. The Petitioners timely filed the *Petitioners Objection to Proposed Findings and Recommendations* (Document 23). For the reasons stated herein, the Court finds that the Petitioners' objections must be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

The Petitioners, brothers Rex I. Hatfield and Everly K. Hatfield, were indicted in the Southern District of Illinois in 2008 on charges of conspiracy to commit multi-state pharmacy burglaries, and conspiracy to distribute and possess with intent to distribute controlled substances, the use of which resulted in death or serious bodily injury in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1)(C). The facts of their cases are similar, and the issues in this § 2241 proceeding were briefed jointly. Therefore, the Court will discuss the Petitioners collectively. The indictment specifically charged them with distributing controlled substances which resulted in the deaths of five victims and the serious bodily injury of a sixth victim. The United States presented evidence and argument to the jury suggesting that the Hatfields "intentionally arranged several of the deaths in order to prevent potential witnesses from testifying against them." (PF&R at 3.) Following a trial, the jury found both Petitioners guilty of both counts, as well as finding them "guilty of delivering controlled substances, which resulted in four deaths and one serious bodily injury." (*Id.*)

The United States Court of Appeals for the Seventh Circuit found that the jury instructions misstated the standard for finding the Hatfields guilty of causing deaths under § 841(b)(1)(C), but

did not disturb the convictions as to conspiracy to burglarize pharmacies and to distribute controlled substances. The United States chose to dismiss the § 841(b)(1)(C) language pertaining to death or serious bodily injury resulting from drug distribution from the indictment rather than retrying the Hatfields for the special verdicts related to the deaths and injury. The district court held a joint resentencing hearing. The court applied § 2D1.1(d)(1) of the United States Sentencing Guidelines, finding by clear and convincing evidence based on the evidence introduced at the original trial that Rex Hatfield had "knowingly killed three individuals" and that Everly Hatfield had "caused the premediated deaths of two individuals." (PF&R at 5.) Both received enhancements for leadership roles and for obstruction of justice, and both were subject to a Guideline range of life imprisonment, reduced to the statutory maximum of 120 months as to the burglaries and 240 months as to the distribution and possession with intent to distribute controlled substances. The district court imposed sentences of the statutory maximum as to each count, to be served consecutively.

The Petitioners appealed, and the Seventh Circuit affirmed the sentences. The Petitioners filed § 2255 motions, asserting, in part, that their sentences were improperly increased based on judge-found facts, in reference to application of the murder cross-reference. The sentencing court and the Seventh Circuit denied the motions. The Seventh Circuit denied motions to file second or successive motions, finding that the cited case, *Burrage v. United States*, 134 S. Ct. 881 (2014), was decided prior to the denial of their first § 2255 motions, and that it would not impact the legality of their sentences in any event. Additional motions for reconsideration, Rule 60(b) relief, and/or to file successive § 2255 motions were denied by the sentencing court and the Seventh Circuit. The Petitioners then filed the instant motion in this Court pursuant to 28 U.S.C. §2241.

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioners are acting *pro se*, and their pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The PF&R explains that challenges to the legality of a sentence may be brought in a § 2241 motion only if the claim satisfies the "savings clause" set forth in 28 U.S.C. § 2255(e). Magistrate Judge Eifert found that the Petitioners' claims did not meet that standard because allegedly erroneous calculation of the advisory sentencing guidelines does not constitute a fundamental defect. Furthermore, she explained that "there has been no subsequent change in the law which renders their sentence, valid at the time it was applied, now invalid." (PF&R at 22.) She found that the Petitioners' claims do not meet the procedural requirements of the savings clause, and do not substantively "call into question the validity of the Petitioners' sentences." (*Id.* at 32.) In addition, the PF&R notes that the Seventh Circuit previously rejected many of the arguments and

claims now presented. Finally, the Magistrate Judge found that transfer to the Seventh Circuit for consideration of the petition as a motion for leave to file a successive § 2255 was not warranted because the claims are either clearly meritless or were previously addressed by the Seventh Circuit and the sentencing court.

In their objections, the Petitioners argue that they fully preserved all issues presented, and therefore the issues "should be considered recognizable on collateral review." (Obj. at 4.) They contend that they should have been sentenced under the mandatory, rather than advisory, sentencing Guidelines because their offense was committed in 2003, prior to *Booker*. Therefore, they reason, facts that could increase the mandatory sentencing range were required to be found by a jury, and their rights were violated when the sentencing judge applied the cross-reference for murder based on his own factual findings.

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. 28 U.S.C. § 2255. However, Section 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under Section 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> we conclude that § 2255 is inadequate and ineffective to test the
> legality of a sentence when: (1) at the time of sentencing, settled law
> of this circuit or the Supreme Court established the legality of the

5

> sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

The PF&R thoroughly explains the legal framework surrounding the savings clause, as well as the precedent related to the enhancement at issue. The Court adopts and incorporates those recommended findings in full and will focus here on the specific objection based on application of the post-*Booker* advisory Guidelines.

The Supreme Court addressed the issue of altered mandatory sentencing ranges based on facts found by a judge during sentencing in *United States v. Booker*, 543 U.S. 220 (2005). The Court held that the mandatory Guidelines led to "the judge, not the jury [determining] the upper limits of sentencing, and the facts determined were not required to be raised before trial or proved by more than a preponderance." *Id.* at 236. Rather than concluding that all facts that impacted the applicable Guideline range must be submitted to a jury, the Supreme Court held that the appropriate remedy was to "make the Guidelines system advisory while maintaining a strong connection between the sentence imposed and the offender's real conduct." *Id*. at 246. In short, the Supreme Court found that the remedy for a sentencing system in which mandatory sentencing ranges were calculated by judges based on their own factual findings was to make those sentencing ranges advisory, while continuing to empower judges to make factual findings in an effort to ensure that similar conduct results in similar sentences.

After the Supreme Court issued the *Booker* decision, all sentencings—regardless of the date of the offense—required calculation of the advisory Guideline range, and judges had

discretion to impose sentences outside that range. "[T]reating the Guidelines as mandatory," after *Booker*, constitutes procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007) (addressing a post-*Booker* 2005 sentence for an offense committed in 2000); *Peugh v. United States*, 569 U.S. 530, 537 (2013). If the Sentencing Guidelines in effect at the time of sentencing call for a greater punishment than those in effect at the time of the offense, "retrospective application of a higher Guideline range violates the *Ex Post Facto* Clause," though sentencing courts remain free to consider the newer Guidelines as "one of many reasons" to deviate from the Guideline calculations. *Peugh*, 569 U.S. at 549.

The Hatfields' Guidelines ranges were properly calculated. They do not contend that the Section 2D1.1(d)(1) cross-reference to murder did not exist at the time of the offense, such that the Guidelines effective at the time of sentencing recommended a more severe sentence than those in effect at the time of the offense. They argue that under a mandatory Guideline system, a jury would have been required to find the facts supporting application of the cross-reference beyond a reasonable doubt. But the Supreme Court considered precisely that question in *Booker*, and concluded that making the Guidelines advisory, rather than mandatory, remedied the Sixth Amendment problem with allowing sentencing factors to be found by a judge based on a preponderance of the evidence. As long as the permissible sentencing range is not altered, "sentencing factors may guide or confine a judge's discretion in sentencing an offender." *United States v. O'Brien*, 560 U.S. 218, 224 (2010). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *Pepper v. United States*, 562 U.S. 476, 490 (2011) (stressing that

courts have broad discretion to consider any helpful information in determining an appropriate sentence).

The applicable legal principles have not changed since the time the Hatfields were sentenced, and their objections do not identify either a substantive error or a retroactive change in the law. Their claims do not satisfy the savings clause and are therefore not cognizable in a § 2241 motion. This §2241 petition was filed shortly after the sentencing court and the Seventh Circuit rejected motions construed as successive §2255 motions. As the Magistrate Judge thoroughly explained, the Petitioners' claims were either already rejected by the Seventh Circuit or do not satisfy the requirements of § 2255(h). Therefore, transfer to the Seventh Circuit for consideration of the Petition as a motion for leave to file a successive § 2255 motion would be futile.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Petitioners' Objection to Proposed Findings and Recommendation* (Document 23) be **OVERRULED** and that the *Proposed Findings and Recommendation* (Document 20) be **ADOPTED**. The Court further **ORDERS** that the Petitioners' *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) and the *Brief in Support of Writ of Habeas Corpus Pursuant to Title 28, Section 2241* (Document 3) be **DENIED**, that *Respondent United States' Motion to Dismiss or, in the Alternative, to Transfer* (Document 14) be **GRANTED**, and that this action be **DISMISSED with prejudice** and removed from the docket of the Court.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, to counsel of record, and to any unrepresented party.

ENTER: September 3, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA